No. 23-10478

# In the United States Court of Appeals for the Eleventh Circuit

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSEPH DELEON,

*Defendant-Appellant.*

———————

On Appeal from the United States District Court
for the Middle District of Florida, Tampa Division
Case No.8:18-CR-325-MSS-JSS,
Hon. Mary S. Scriven

———————

## APPELLANT'S BRIEF

———————

William F. Sansone
SANSONE LAW, P.A.
609 West De Leon Street
Tampa, FL 33606
(813) 361-0874 T
(813) 251-1808 F
sansonew@gmail.com

*Counsel for Defendant-Appellant*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1 and 26.1-3, the following is an alphabetical list of the trial judges, attorneys, persons, and firms with any known interest in the outcome of this case.

1. Appellant Joseph Deleon

2. United States Attorney Roger Handberg

3. AUSA Suzanne C. Nebesky

4. William Sansone, Esq., Counsel for Appellant

5. Hon. Mary Scriven, United States District Judge

6. Hon. Julie Sneed, United States Magistrate Judge

7. Assistant Federal Defender Raudel Vitier


May 18, 2023                    /s/ William Sansone
                               William F. Sansone

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant Joseph Deleon requests oral argument.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................ii

STATEMENT REGARDING ORAL ARGUMENT ................................iii

TABLE OF CITATIONS ............................................................ v

STATEMENT OF SUBJECT-MATTER AND APPEL-LATE JURISDICTION ..................................................................... vi

STATEMENT OF THE ISSUES…………………………………………...1

STATEMENT OF THE CASE ................................................. 1

*Course Of Proceedings* ..................................................... 1

*Standard Of Review* ..........................................................2

SUMMARY OF THE ARGUMENT .......................................... 2

ARGUMENT AND CITATIONS OF AUTHORITY ................................. 4

    I.    The District Court Erred In Applying the Two-Level Enhancement for Physical Restraint Pursuant to U.S.S.G. section 2B3.1(b)(2)(4)(A) ..................................................... 5

CONCLUSION ........................................................................ 13

CERTIFICATE OF COMPLIANCE........................................... 14

CERTIFICATE OF SERVICE.................................................. 14

# TABLE OF CITATIONS

<u>Cases</u>                                                                        <u>Page(s)</u>

*United States v. Anglin,* 169 F.3d 154 (2d Cir. 1999)……………..6,7,10

*United States v. Barner*, 572 F.3d 1239 (11th Cir. 2009)……………5

*United States v. Garcia*, 857 F.3d 708 (5th Cir. 2017)………………11

*United States v. Jones*, 32 F.3d 1512 (11the Cir. 1994)………………12

*United States v. Parker*, 241 F.3d 1114 (9th Cir. 2001)………………7

*United States v. Paul*, 904 F.3d 200 (2d Cir. 2018) ………………………9

*United States v. Victor*, 719 D.3d 1288 (11th Cir. 2013)………..2,5,6,12

<u>Rules and Statues</u>                                                          <u>Page(s)</u>

Eleventh Circuit Rule 26.1-1 ……………………………………………………ii

Eleventh Circuit Rule 26.1-3 ……………………………………………………ii

18 U.S.C. section 1951………………………………………………………………1

18 U.S.C. section 924(c)………………………………………………………1,3,4

United States Sentencing Guidelines section 2B3.1………………….1,2,5

United States Sentencing Guidelines section 2K2.4………………….3,10

Federal Rule of Appellate Procedure 32…………………….................13

## STATEMENT OF SUBJECT-MATTER
## AND APPELLATE JURISDICTION

The district court had subject-matter jurisdiction under 18 U.S.C. § 3231, because Mr. Joseph Deleon ("Mr. Deleon" or "Defendant") was charged via Indictment for violations of federal law. Doc. 14. This Court has appellate jurisdiction under 28 U.S.C. § 1291, because the district court entered a final amended judgment (Doc. 144) to which Mr. Deleon timely appealed. Doc. 146.

## STATEMENT OF THE ISSUES

Mr. Deleon raises one issue on appeal: the district court erred in applying the two-level enhancement for "physical restraint" pursuant to U.S.S.G. section 2B3.1(b)(4)(A).

## STATEMENT OF THE CASE

### *Course Of Proceedings*

On October 16, 2018, a jury found Mr. Deleon guilty of Hobbs Act robbery in violation of 18 U.S.C. section 1951 and using a firearm in relation to a crime of violence in violation of 18 U.S.C. section 924 (c). The district court sentenced Mr. Deleon as a career offender to two-hundred forty (240) months. Doc. 90. Mr. Delon appealed. Doc. 92.

This Court reversed the judgment and sentence and remanded to the district court for re-sentencing finding that the district court erred in finding that Mr. Deleon qualified as a career offender. Doc. 117. On February 28, 2023, the district court entered an amended judgment and sentenced Mr. Deleon to one hundred thirty-five (135) months in the bureau of prisons: fifty-one (51) months as to Count One and eighty-four (84) months as to Count Two to run consecutive. Doc. 144. Mr. Deleon filed this timely appeal. Doc. 146.

## Judgment And Appeal

The district court entered a final judgment. Doc. 144. Mr. Deleon timely appealed. Doc. 146.

## Standard of Review

This Court reviews "a court's findings of fact for clear error and its application of the guidelines *de novo*." <u>United States v. Victor</u>, 719 F.3d 1288, 1290 (11th Cir. 2013). "The government bears the burden of establishing the applicability of a sentencing enhancement by a preponderance of the evidence." <u>Id</u>.

## SUMMARY OF THE ARGUMENT

The district court erred in applying the two-level enhancement for "physical restraint" in U.S.S.G. section 2B3.1(b)(4)(A). Based on the facts and circumstances in this case, other than pulling out a firearm, there was no evidence of physical restraint as required to trigger the two-level enhancement. The facts at the trial showed that Mr. Deleon walked into a 7-11. He pulled out a gun and the cashier immediately handed Mr. Deleon money and postal stamps. Mr. Deleon then walked out of the

store.  The entire interaction lasted only twenty (20) seconds and was captured on video tape and entered into evidence at trial.  See Exhibit A.

In the Presentence Report (PSR), probation correctly calculated the base level offense for the Hobbs Act robbery at 20.  Doc. 130.  Probation did not apply the six-level enhancement under Section 2B3.1(b)(1) even though a firearm was used in the robbery.  Id. at para. 17.  Probation cited to U.S.S.G. section 2K2.4 n.4 that states that the six (6) level enhancement for use of a firearm does not apply when a defendant is also charged with a weapon enhancement in 18 U.S.C. section 924(c), which in this case carried a seven (7) year minimum mandatory to run consecutive to the robbery count.  However, probation did apply the two-level enhancement for physical restraint and concluded the base level was 22. Id. para. 18,22.  The district court adopted the application of the two-level enhancement.  The district court's decision to apply the two-level enhancement for physical restraint based on the facts of Mr. Deleon's case was legally inaccurate.

For probation and then the district court to apply the two-level enhancement for "physical restraint" for the exact same conduct of using a firearm, which was expressly not calculated under the guidelines

pursuant section 2K2.4 n.4, does not make sense. Applying the two-level enhancement under the facts of Mr. Deleon's case effectively concludes that all armed robberies by the very nature of possessing a firearm justifies the two-level enhancement for physical restraint. This conclusion makes the base level offense for all armed robberies 22 instead of 20. However, the two-level enhancement for "physical restraint" is an enhancement for a **special circumstance**, and the application of the two-level enhancement under the facts of Mr. Deleon's case would effectively hold that the two-level enhancement for all armed robberies is a base level 22, not 20. Such a holding runs counter to a finding of a **special circumstance** and would lead to the application of the enhancement in **every circumstance**.

To put this argument into context, section 2B3.1(b)(2)(B) carries a six-level enhancement "if a firearm was otherwise used" in the robbery. This enhancement was correctly not applied, because Mr. Deleon was also charged with a section 924(c) count for brandishing a firearm in the commission of a felony. However, to then apply a two-level enhancement for physical restraint with no factual evidence other than the defendant brandished a weapon, the conduct charged in the section 924(c)

count, renders an internally conflicting application of the guidelines. Such an application would render all armed robberies with a base level of 22, rather than the actual base level of 20.  The application of the two (2) level enhancement for physical restraint in Mr. Deleon's case would legally establish that in all armed robberies cases the two-level enhancement for physical restraint applies, because the Defendant pulled a gun, which is a fact in all armed robbery cases.  This application is not consistent with the guidelines' structure, language, or the case law analyzing the structure and language.  This application also is not consistent with a commonsense application of the guidelines in armed robbery cases.  Therefore, the district court erred in applying the two-level enhancement for "physical restraint" in Mr. Deleon's case.  Because a correct guideline calculation is incumbent on all district courts at sentencing, the judgment and sentence in this case must be reversed and

remanded for re-sentencing.  See United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009).

## ARGUMENT AND CITATIONS OF AUTHORITY

I.    The District Court Erred in Applying the Two-Level Enhancement for Physical Restraint Pursuant to U.S.S.G. section 2B3.1(b)(4)(A)

The district court erroneously applied the two-level enhancement for physical restraint pursuant to U.S.S.G. section 2B3.1(b)(4)(A).  At sentencing, the district court stated that under "binding Eleventh Circuit authority, the Defendant is subject to the enhancement."  Doc. 149,9/15/2021 sentencing hearing pg. 10 lns. 5-7.  The binding precedent the district court was referring to is United States v. Victor, 719 F.3d 1288 (11th Cir. 2013).  In Victor, the defendant was charged with a Hobbs Act robbery and a section 924(c) count for brandishing a firearm, the same as Mr. Deleon.  The district court applied and this Court upheld the application of the two-level enhancement for "physical restraint."  In Victor, the defendant pointed a gun at the victim "directed her to the teller line" and yelled "that he had a gun and would kill any bank employee who did not comply with his demands."  Id. at 1289.  This Court stated that the victim "was physically restrained within the

6

meaning of the guidelines." Id.  This Court, however, did not go so far as to hold that in every Hobbs Act robbery in which the defendant possessed a gun, the two-level enhancement for "physical restraint" would apply, and for good reason.  Applying the two-level enhancement in Mr. Deleon's case where the facts are clear that he only brandished a firearm, the cashier quickly handed over money and stamps, and then Mr. Deleon left the store all within twenty (20) seconds would effectively conclude that the two-level enhancement for "physical restraint" automatically applies in all armed robbery cases.  Such a finding would run counter to the purpose of the "physical restraint" enhancement as set forth in the guidelines.

In United States v. Anglin, 169 F.3d 154 (2d Cir. 1999), the Second Circuit dealt with this very issue of whether merely possessing or brandishing a firearm during a Hobbs Act robbery would automatically in every case trigger the application of the two-level enhancement for "physical restraint."  The Second Circuit noted that the guidelines do

not just state "restraint," but rather "physical restraint" for a reason.

The Court stated the following:

> Clearly the Sentencing Commission intended a more precise concept; if section 2B3.1(b)(4)(B) said only that the enhancement would apply "if any person was restrained", the courts would become involved in mental, moral, philosophical, even theological considerations, in addition to physical ones.  No, the restraint must be "physical"; and while we do not doubt that the City College Bank robber's conduct caused the City College teller to **feel restraint**, they were not subjected to **physical restraint**, as we interpret the Guideline's use of that phrase.  If the government's interpretation was correct, virtually every robbery would be subject to the 2-level enhancement for physical restraint unless it took place in an unoccupied preemies.  Bank robbers may surely be expected, after displaying a weapon, to say to the tellers or customers, in substance, "this is a holdup, don't move."  It would require a quixotic robber to display his gun, and then say to the tellers or customers, "this is a holdup, but feel free to move about the bank, and if any of you have to leave for an appointment elsewhere, that's fine."  Accordingly, the practical effect of defining "physical restraint" so inclusively is to increase the Guidelines' base level, in what one would expect to be the considerable majority of robbery cases, from 20 to 22, **a problematic effect for a provision drafted to deal with a special circumstance**. Id. at 164-65. (emphasis added).

The district court in Mr. Deleon's case sat through the jury trial and knew that that Mr. Deleon did not do more than pull a firearm and ask

for money and stamps during the entirety of the twenty (20) second robbery interaction.  <u>See</u> Exhibit One, video of the robbery.

At trial, the cashier testified as follows:

> A:   I was paying attention to the movement of the gun.  Depending on how the gun moves, I wanted to move away, because I was afraid for my life.
>
> Q:   What were you afraid could happen?
>
> A:   Maybe die.
>
> Doc. 105, Jury Trial Day One, pg. 128, lns. 10-14

The victim then testified he complied with Mr. Deleon's demands and handed over the money and the stamps.  The victim's statement in this case could be inserted into virtually every armed robbery when a defendant brandishes a gun and asks for money.  Therefore, applying the two-level special circumstance enhancement for physical restraint should not apply in Mr. Deleon's case.  To find otherwise would be to hold that the application of physical restraint enhancement should apply in all armed robbery cases.

The circumstances surrounding the armed robbery in Mr. Deleon's case is exactly why the district court directly addressed the problematic

application of the two-level enhancement for Mr. Deleon's conduct at sentencing. Addressing the Assistant United States Attorney's argument in favor of applying the two-level enhancement, the district court stated, "[s]o it's your notion that we would enhance by six levels for use of a firearm and increase by two additional levels for the same use of the firearm because all uses of a firearm constitutes a restraint?" Doc. 94, 2/20/2019 sentencing transcript, pg. 20 lns. 25, pg. 21 lns. 1-3. The district court also stated, "[i]f all gun offenses carry with them an enhancement, why wouldn't we just say all armed robbery is not this level, but this level plus two? Because your contention is every use of a gun is a restraint, and, therefore, built into the calculations should be this plus-two already." Id. pg 20, lns. 8-13. The district court engaged in this discussion at sentencing, because Mr. Deleon did nothing more than brandish a firearm, and the district court correctly understood that if she applied the plus two-enhancement under the facts of this case, the plus two enhancement, which contemplates a **special circumstance** for the enhancement, would apply in **all circumstances** in which a gun was brandished. However, the district court did apply the enhancement finding that the court was bound by Eleventh Circuit

precedent.  Mr. Deleon submits that the district court's reading of this Court's decision in Victor was too broad, and the two-level enhancement for physical restraint does not apply in all armed robbery cases in which the defendant pulls a firearm.   As the Second Circuit correctly concluded this cannot be the case, for such an application would render a "special circumstance" for the two-level enhancement for physical restraint in an armed robbery meaningless.  Anglin, 169 F.3d at 165.

The Second Circuit's reasoning in Anglin is textually sound for another reason.  As the probation officer noted in Mr. Deleon's case, the six-level enhancement "if a firearm was otherwise used" did not apply, because pursuant to U.S.S.G. section 2K2.4 n.4, the six-level enhancement does not apply because the same conduct was charged against Mr. Deleon in the section 924(c) count, which carried a minimum mandatory of seven (7) years to run consecutive to the robbery charge.  Probation was correct not to apply the six-level enhancement for the use of a firearm, but then applied the two-level enhancement for physical restraint for the exact same conduct underlying the section 924(c) seven (7) year minimum mandatory charge – brandishing a firearm.  For the same reason that the six (6) level enhancement did not apply when there is a

11

section 924(c) count for brandishing a firearm, the two-level enhance-ment for physical restraint should also not be applied, if based, as is the case with Mr. Delon, on the exact same conduct.

The Fifth Circuit Court of Appeals came to the same conclusion as the Second Circuit when dealing with the application of the two-level enhancement for physical restraint during an armed robbery when a de-fendant only brandishes a firearm.  In United States v. Garcia, the Fifth Circuit stated that:

> Yet we concluded that merely brandishing a weapon at a victim cannot support an enhancement under this section of the Guide-lines, because, were it otherwise, enhancement would be war-ranted every time an armed robber entered a bank, for a threat not to move is implicit in the very nature of armed robbery.  Alt-hough the defendant's actions permitted no alternative but com-pliance, he did nothing to restrain his victim that an armed robber would not normally do.  Likewise, as Garcia notes, the defendant's actions in the present case – standing near the door, holding a firearm, and instructing a victim to get on the ground – simply make explicit what is implicit in all armed robberies: that the vic-tims should not leave the premise.  Such conduct does not differ-entiate this case in any meaningful way from a typical armed rob-bery.
>
> United States v. Garcia, 857 F.3d 708, 713 (5th Cir. 2017) (inter-nal quotations omitted).

In the case before this Court, while acknowledging the soundness of the Second and Fifth Circuit decision as they pertain to Mr. Deleon's

case, the district court felt constrained by this Court's holdings in both United States v. Jones and United States v. Victor, and therefore, applied the two-level enhancement for physically restraining the 7-11 clerk when Mr. Deleon pointed a firearm at the victim behind the counter.

Mr. Deleon's case is factually distinguishable from this Court's decision in United States v. Jones. In United States v. Jones, 32 F.3d 1512, 1519 (11th Cir. 1994), this Court applied the two-level enhancement for physical restraint in an armed robbery case in which the defendant ordered customers and employees to move at gunpoint into a safe room. The employees and customers were ordered to lie face down of the floor, and "the robbers closed the door to the safe room and left." Id. In Jones, there was more than just brandishing a firearm to trigger the special circumstance of the physical restraint enhancement as the victims were clearly **physically restrained** in a manner more than just being at the other end of a firearm.

Additionally, in Victor, this Court did not go so far as to hold that in every case in which a defendant brandishes a firearm during an armed

13

robbery that the two-level enhancement for special circumstance of "physical restraint" applies. As both the Second and Fifth Circuits have fully and artfully discussed, such an application would render the **special** circumstance a **commonplace** circumstance.

In the case before this Court, Mr. Deleon pulled a firearm, the cashier did not move and quickly handed over money and stamps, and then Mr. Deleon left the store all within twenty (20) seconds. Based on this conduct, we ask this Court to find that the district court erred in applying the two-level enhancement for physical restraint and remand this case to the district court for resentencing.

## CONCLUSION

For the foregoing reasons, we ask this Court to find that the district court committed error in applying the two-level enhancement for physical restraint pursuant to U.S.S.G. section 2B3.1(b)(4)(A) and remand this case to the district court for resentencing.

Respectfully submitted,

/s/ William Sansone
William F. Sansone
SANSONE LAW, P.A.
609 West De Leon Street

Tampa, FL 33606
(813) 361-0874 T
(813) 251-1808 F
sansonew@gmail.com

*Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B)'s type-volume requirement. As determined by Microsoft Word 2010's word-count function, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and 11th Circuit Rule 32-4, this brief contains 3,356 words.

2.     This brief further complies with Federal Rule of Appellate Procedure 32(a)(5)'s typeface requirements and with Federal Rule of Appellate Procedure 32(a)(6)'s type-style requirements. Its text has been prepared in a proportionally spaced serif typeface in roman style using Microsoft Word 2010's 14-point Century font.

May 18, 2023                          /s/     William F. Sansone

## CERTIFICATE OF SERVICE

15

I HEREBY CERTIFY that I filed the original and six copies of the foregoing brief with the Clerk of Court via CM/ECF and regular mail on this 18 day of May, 2023, to:

> David J. Smith, Clerk of Court
> U.S. COURT OF APPEALS FOR THE
>    ELEVENTH CIRCUIT
> 56 Forsyth Street N.W.
> Atlanta, GA 30303

I FURTHER CERTIFY that I served a true and correct copy of the foregoing brief via CM/ECF on this 18 day of May 2023, to:

**U.S. Attorney's Office**

AUSA Yvette Rhodes

I FURTHER CERTIFY that I served a true and correct copy of the foregoing brief via regular mail on this 24 day of May 2023, to:

> Joseph Deleon
> FCC Beaumont
> P.O. Box 26030
> Beaumont, TX 77720

May 18, 2024                         /s/     William F. Sansone

16