No. 23-10478-DD

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSEPH DELEON,

*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:18-CR-325-MSS-JSS

**BRIEF OF THE UNITED STATES**

ROGER B. HANDBERG
United States Attorney

DAWN A. TIFFIN
Assistant United States Attorney
Appellate Division

HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

June 15, 2023

*United States v. Joseph Deleon*
No. 23-10478-DD

## Certificate of Interested Persons
## and Corporate Disclosure Statement

In addition to the persons identified in the Certificate of Interested Persons and Corporate Disclosure Statement in Joseph Deleon's principal brief, the following persons have an interest in the outcome of this case:

1.    Bashir, Adeel, Federal Public Defender's Office;

2.    Bloom, Aliza H., former Assistant Federal Public Defender;

3.    Cakmis, Rosemary, former Assistant Federal Public Defender;

4.    Gershow, Holly L., Assistant United States Attorney, Deputy Chief, Appellate Division;

5.    Hall, A. Fitzgerald, Federal Public Defender;

6.    Handberg, Roger B., United States Attorney;

7.    Hoppmann, Karin, former Acting United States Attorney;

8.    Landes, Samuel, Federal Public Defender's Office;

9.    Leonard, Randall, former Assistant United States Attorney;

10.    Lopez, Maria Chapa, former United States Attorney;

11.    Muldrow, W. Stephen, former United States Attorney;

12.    Nebesky, Suzanne C., Assistant United States Attorney;

13.    Nolan, Gregory T., former Assistant United States Attorney;

14.    Patel, Maulik, victim;

*United States v. Joseph Deleon*
No. 23-10478-DD

15.  Rhodes, David P., Assistant United States Attorney,
     Chief, Appellate Division;

16.  Sansone, Hon. Amanda Arnold, United States Magistrate Judge;

17.  Siekkinen, Sean, Assistant United States Attorney;

18.  Tiffin, Dawn A., Assistant United States Attorney;

19.  Vasudevbhai, Patel, victim; and

20.  Watanabe, Hon. Michael J., former United States
     Magistrate Judge.

No publicly traded company or corporation has an interest in the

outcome of this appeal.

## Statement Regarding Oral Argument

The United States does not request oral argument.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement......... C-1

Statement Regarding Oral Argument ................................................................i

Table of Contents ............................................................................................ii

Table of Citations ..........................................................................................iii

Statement of Jurisdiction ............................................................................... v

Statement of the Issue.................................................................................... 1

Statement of the Case ................................................................................... 1

    *Course of Proceedings* ......................................................................... 1

    *Statement of the Facts*.......................................................................... 3

    *Standard of Review* .............................................................................. 4

Summary of the Argument ........................................................................... 4

Argument and Citations of Authority .......................................................... 5

    The district court did not err in applying the physical-restraint
    enhancement to Deleon's sentencing-guidelines offense level based
    on its factual findings that Deleon's pointing a gun at his victim
    had ensured the victim's compliance and had prevented him from
    leaving—findings Deleon does not challenge on appeal ....................... 5

Conclusion..................................................................................................... 8

Certificate of Compliance with Type-Volume Limitation

Certificate of Service

# Table of Citations

## Cases

*United States v. Deleon*,
812 F. App'x 948 (11th Cir. 2020) ............................................................. 2

\*United States v. Jones*,
32 F.3d 1512 (11th Cir. 1994)........................................................... 5–7

*United States v. Lee*,
29 F.4th 665 (11th Cir. 2022) ...................................................... 7

*United States v. Phillips*,
820 F. App'x 966 (11th Cir. 2020) ............................................ 7

\*United States v. Victor*,
719 F.3d 1288 (2013) ......................................................... *passim*

*United States v. Ware*,
No. 21-10539, 2023 WL 3743892 (11th Cir. June 1, 2023) ......................... 7

## Statutes

18 U.S.C. § 924(c)(1)(A)(ii)........................................................... 2

18 U.S.C. § 1951(b) ..................................................................... 1

18 U.S.C. § 3231 ........................................................................ v

18 U.S.C. § 3742(a) .................................................................... v

28 U.S.C. § 1291 ....................................................................... v

## Rules

Fed. R. App. P. 4(b) .................................................................... v

## Other Authorities

USSG §1B1.1, comment. (n.1(L)) ..................................................... 5

USSG §2B3.1(a) ......................................................................... 2

USSG §2B3.1(b)(4)(B) ............................................................................. 2, 5

USSG §2B3.1(b)(4)(B), comment. (n.1) ........................................................ 5

## Statement of Jurisdiction

This is an appeal from a final judgment of the United States District Court for the Middle District of Florida in a criminal case. That court had jurisdiction. *See* 18 U.S.C. § 3231. The court entered the judgment against Joseph Deleon on February 28, 2023, Doc. 144, and Deleon timely filed a notice of appeal on March 3, 2023, Doc. 146. *See* Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal, *see* 28 U.S.C. § 1291, and authority to examine Deleon's challenge to his sentence, *see* 18 U.S.C. § 3742(a).

## Statement of the Issue

Did the district court err in applying the physical-restraint enhancement to Deleon's sentencing-guidelines offense level based on its factual findings that Deleon's pointing a gun at his victim had ensured the victim's compliance and had prevented him from leaving—findings Deleon does not challenge on appeal?

## Statement of the Case[1]

During the robbery of a convenience store, Joseph Deleon pointed a gun at the clerk. Originally sentenced as a career offender to serve 156 months on his Hobbs Act robbery conviction, Deleon successfully appealed that sentence. On remand, the district court sentenced him without that enhancement to serve 51 months on his Hobbs Act robbery conviction. In this direct criminal appeal, he challenges the court's application of the physical-restraint enhancement.

### *Course of Proceedings*

A grand jury indicted Deleon for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b) (count one), and for brandishing a firearm during and in

---

[1] We cite all record documents based on the page number that appears in the header generated by the district court's electronic filing system. We cite Deleon's brief using its own page numbers.

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). Doc. 14 at 1–2. Deleon pleaded not guilty and proceeded to trial, where a jury found him guilty as charged. Doc. 76 at 1–2.

The district court sentenced Deleon as a career offender to 240 months' imprisonment (156 months on count one to be followed by 84 months on count two). Doc. 83 ¶ 24; Doc. 90. Deleon appealed, and this Court held that the district court had "plainly erred in sentencing Deleon as a career offender because his conviction for Hobbs Act robbery is not a crime of violence." *United States v. Deleon*, 812 F. App'x 948, 952 (11th Cir. 2020). It remanded for resentencing without the career-offender enhancement. *Id.*

On remand, for Deleon's Hobbs Act robbery conviction, the probation office recommended a base offense level of 20 under USSG §2B3.1(a), with a two-level increase under §2B3.1(b)(4)(B) because Deleon had physically restrained the clerk by pointing a gun at him. Doc. 130 ¶¶ 16, 18. With a total offense level of 22 and a criminal history category of IV, Deleon faced an advisory guidelines range of 63 to 78 months for count one. *Id.* ¶ 72. He also faced a consecutive 84-month sentence for count two. *Id.*

Deleon objected to the physical-restraint enhancement. Doc. 130 at 23. The probation office explained that *United States v. Victor*, 719 F.3d 1288 (2013), required the enhancement because Deleon's pointing a gun at the clerk

2

had compelled the clerk to obey Deleon's instructions. Doc. 130 at 24.

At the sentencing hearing, the court made the following factual findings: Deleon "pulled out a gun," "held it to the victim[,]" and "forced the victim to comply by passing him the goods he sought to secure"; the victim "did not feel at liberty to leave in light of the presence of the weapon"; and Deleon's use of the gun "ensure[d] compliance by the victim," "impede[d] the victim from fleeing to another part of the store," and "restrained the victim to the space where he was standing in order to meet the demands of Mr. Deleon." *Id*. The court thus concluded that *Victor* foreclosed Deleon's objection. *Id*.

The court then determined that Deleon's advisory guidelines range was 63 to78 months on count one and 84 months on count two. Doc. 149 at 12–13. But the court found that Deleon's criminal history was overstated and "discounted" it to a criminal-history category III, resulting in a guidelines range of 51 to 63 months on count one. *Id*. at 21–22. The court then imposed a 51-month sentence on count one to be followed by an 84-month sentence on count two. *Id.* at 22.

## Statement of the Facts

A little after midnight, Deleon walked into a convenience store, approached the counter, requested a pack of cigarettes, and handed the clerk $10. Doc. 130 ¶ 9; Gov't Exs. 1B, 1D; Doc. 105 at 124–131. When the clerk

3

opened the cash register, Deleon pointed a handgun at him and demanded money. *Id.* The terrified clerk handed over all the cash in the register. *Id.* Deleon demanded more, so the clerk gave him the only thing left in the drawer—$40 worth of stamps. *Id.* Deleon left with his loot. *Id.*

## *Standard of Review*

This Court reviews for clear error a sentencing court's findings of fact and de novo its application of the facts to the guidelines. *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).

## Summary of the Argument

The district court did not err in applying the physical-restraint enhancement to Deleon's sentencing-guidelines offense level. The court found that Deleon's pointing a gun at his victim had ensured the victim's compliance and had prevented him from leaving. Deleon does not challenge those findings. Because this Court's precedent compels the conclusion that the enhancement applies to those factual findings, this Court should affirm Deleon's sentence.

## Argument and Citations of Authority

**The district court did not err in applying the physical-restraint enhancement to Deleon's sentencing-guidelines offense level based on its factual findings that Deleon's pointing a gun at his victim had ensured the victim's compliance and had prevented him from leaving—findings Deleon does not challenge on appeal.**

USSG §2B3.1(b)(4)(B) calls for a two-level increase to a defendant's offense level "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." The commentary defines "physically restrained" as "the forcible restraint of the victim such as by being tied, bound, or locked up." *Id.*, comment. (n.1); USSG §1B1.1, comment. (n.1(L)). This Court has "made clear, however, that the enhancement is not limited to those examples it provides, but also applies when the defendant's conduct 'ensured the victims' compliance and effectively prevented them from leaving' a location." *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013) (quoting *United States v. Jones*, 32 F.3d 1512, 1518–19 (11th Cir. 1994)).

It follows from *Victor* and *Jones* that the district court properly enhanced Deleon's offense level under §2B3.1(b)(4)(B). The district court found that Deleon had "pulled out a gun," had "held it to the victim[,]" and had "forced the victim to comply by passing him the goods he sought to secure." Doc. 149 at 10. It also found that Deleon's victim "did not feel at liberty to leave in light

of the presence of the weapon." *Id.* It thus found that Deleon's use of the gun had "ensure[d] compliance by the victim," had "impede[d] the victim from fleeing to another part of the store," and had "restrained the victim to the space where he was standing in order to meet the demands of Mr. Deleon." *Id.* Deleon does not contest those factual findings, which compel the conclusion that the enhancement applies here. *See Victor*, 719 F.3d at 1290 ("[B]y threatening the lobby employee with what the employee believed to be a gun to prevent her from escaping, Victor physically restrained her within the guidelines' meaning.").

In sum, because Deleon does not challenge the district court's factual findings, he cannot escape *Victor* and *Jones.* Deleon contends on page seven of his brief that *Victor* "did not go so far as to hold that in every Hobbs Act robbery in which the defendant possessed a gun, the two-level enhancement for 'physical restraint' would apply." True. But *Victor* did hold that a physical restraint occurs when the defendant's conduct ensures the victim's compliance and effectively prevents him from leaving. *See id.*, 719 F.3d at 1290. So while in some cases a defendant's brandishing a firearm during a robbery might not

6

physically restrain the victim, here, it did.[2] *See Victor*, 719 F.3d at 1290; *see also United States v. Phillips*, 820 F. App'x 966, 968 (11th Cir. 2020) (under *Victor* and *Jones*, the defendant physically restrained his carjacking victim by pressing a gun against her chest and ordering her to give him the car keys: "[i]n that moment [the victim] was restrained just as surely as if her hands had been tied—she could not leave for fear of being shot in the chest by Phillips").

Finally, it is of no moment that other circuits have reached a different conclusion. Under the prior-panel precedent rule, *Joseph* and *Victor* bind this Court. *See United States v. Lee*, 29 F.4th 665, 673 n.7 (11th Cir. 2022). Because of the district court's factual findings, this Court's precedent forecloses Deleon's argument that the district court erred in applying the physical-restraint enhancement to his offense level. Deleon therefore is entitled to no relief from his sentence.

---

[2]We acknowledge, as this Court recently did in *dicta* in *United States v. Ware*, No. 21-10539, 2023 WL 3743892, at *18 (11th Cir. June 1, 2023) (published), that this case presents a factually closer case than *Victor* and *Jones*. But, given the district court's factual findings here, it is not a close call that the enhancement applies.

## Conclusion

The United States requests that this Court affirm the judgment and sentence of the district court.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

DAWN A. TIFFIN
Assistant United States Attorney
Appellate Division

By:    *s/Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
holly.gershow@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This brief, which contains 1516 countable words under 11th Cir. R. 32-4, complies with Fed. R. App. P. 32(a)(7)(B).

# Certificate of Service

I certify that a copy of this brief and the notice of electronic filing was sent by CM/ECF on June 15, 2023, to:

WILLIAM F. SANSONE, ESQ.
*Counsel for Joseph Deleon*

*s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney

gkpr/no/06.08.23